UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANTHONY CORDELL WILLIAMS #00585666,<br>         PLAINTIFF, | §<br>§<br>§<br>§ |
| v. | §     NO. A-22-CV-750-RP |
| BURLESON COUNTY, TEXAS, et al.,<br>         DEFENDANTS. | §<br>§<br>§<br>§ |

## ORDER

Before the Court are Plaintiff's Amended Complaint (ECF No. 19) and the Motion for Summary Judgment filed by Defendants Burleson County and Burleson County Sheriff Gene Hermes (ECF No. 35). Plaintiff did not file a response thereto. For the following reasons, the Motion for Summary Judgment is granted and Plaintiff's remaining claims are dismissed.

## BACKGROUND

At the time Plaintiff filed his civil rights complaint, Plaintiff was incarcerated in the Powledge Unit of the Texas Department of Criminal Justice – Correctional Institutions Division. Plaintiff's suit relates to his previous incarceration in the Burleson County Jail.

Plaintiff filed his original complaint on or about July 22, 2022. After reviewing Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement on or before September 2, 2022. The Court received Plaintiff's first more definite statement on October 11, 2022. In that response Plaintiff requested additional time to complete his more definite statement. The Court granted Plaintiff an extension of time until October 27, 2022. The Court received Plaintiff's second more definite statement on October 19, 2022, his third more definite statement on

1

October 20, 2022, and his fourth more definite statement on October 25, 2022. Plaintiff indicated he intended to file a fifth.

On October 26, 2022, the Court warned Plaintiff he is not allowed to litigate his case in a piecemeal fashion. Due to Plaintiff's filing of multiple more definite statements and the nature of those filings, the Court ordered Plaintiff to file an amended complaint on the form provided by the Clerk of Court on or before November 28, 2022. On October 31, 2022, the Court received Plaintiff's fifth more definite statement.

On December 2, 2022, the Court received Plaintiff's amended complaint, which is the live complaint in this case. Plaintiff alleges the sheriff's deputies and jailers used excessive force on him on July 20, 2020, at the Burleson County Jail. Plaintiff contends the force was used pursuant to the sheriff's policies. Plaintiff claims the use of force seriously injured him in violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. He further claims he was denied medical care.

Plaintiff sues Burleson County, Sheriff Gene Hermes, the Burleson County Board of County Commissioner's Court, the Burleson County Commissioners, and the Burleson County Sheriff's Office. He seeks $10 million and unspecified injunctive relief.

On December 9, 2022, the Court ordered Burleson County and Sheriff Hermes to answer. Because Plaintiff sued Burleson County, the Court did not order service on the Burleson County Board of County Commissioner's Court, the Burleson County Commissioners, and the Burleson County Sheriff's Office.

Defendants Burleson County and Sheriff Gene Hermes filed an answer on January 9, 2023. A scheduling order issued on January 10, 2023, setting an amended pleading deadline of February 9, 2023. On February 14, 2023, the Court received Plaintiff's motion to extend time,

seeking an extension to file an amended complaint. The Court granted Plaintiff's motion and extended the time to file amended pleadings until March 17, 2023. On March 16, 2023, the Court received Plaintiff's motion to extend the deadline for ten days. The Court granted Plaintiff an extension until April 3, 2023. Rather than filing an amended pleading by the deadline, Plaintiff sought yet another extension. The Court granted Plaintiff an extension until April 14, 2023, to file an amended pleading. On April 24, 2023, the Court received a request for an additional five days. The Court granted Plaintiff an extension until May 12, 2023, and warned no further extensions will be granted. Rather than filing an amended pleading, Plaintiff filed another motion for extension of time. As the Court previously warned, no further extensions would be granted. Accordingly, Plaintiff's motion is denied.

On June 15, 2023, Burleson County and Sheriff Hermes moved for summary judgment. Plaintiff did not file a response thereto.

According to Defendants, Plaintiff was indicted on October 16, 2019, on two counts of first-degree felony Aggravated Assault of a Child. Plaintiff was booked into the Burleson County Jail the same day and held without bond. Plaintiff was also held on an out-of-county warrant for a parole violation.

Defendants assert on July 1, 2020, while in the Burleson County Jail, Plaintiff began exposing his genitals to Officer Beth Glasshoff throughout the day while she was making rounds. Plaintiff directed rude and aggressive statements to Officer Glasshoff, including "Bitch, you work in a men's prison, you can't handle seeing a dick?" Defendants indicate that Plaintiff did not direct this conduct toward Glasshoff's male colleagues. Defendants further assert that jail staff attempted to give Plaintiff two disciplinary forms related to the incidents on July 1, but he refused to sign them.

Defendants state, two weeks later, on July 17, 2020, Plaintiff again began exposing himself to Officer Glasshoff. Jail staff presented Plaintiff with a disciplinary form, which he again refused to sign.

On July 20, 2020, jailers, including Officer Glasshoff, entered Plaintiff's cell to move him to a new cell in response to his repeated indecent exposures. The incident is captured on video. The video shows Plaintiff refusing verbal commands to move to another cell. Plaintiff begins yelling that he is not going. Plaintiff resists and goes to the ground, continuing to yell. The jailers attempt to handcuff him, but Plaintiff continues to yell and resist. The jailers are finally able to stand Plaintiff up and move him to a seated position on his bed, while Plaintiff continues to yell. The jail administrator enters and tells Plaintiff to "relax" and asks Plaintiff to tell him what he is upset about. While the jail administrator is attempting to calm down the screaming Plaintiff, Sheriff Hermes enters the cell. Plaintiff finally calms down long enough for Sheriff Hermes to tell Plaintiff that the "next time you masturbate in front of one of my jailors, you're going to go back in that cell, do you understand that?" Plaintiff responded that he did. The jail administrator told him "There's a difference between walking around naked, and actively masturbating in front of a female officer – or a male officer – I don't care who it is. I will guarantee you another charge if you do it again, it's like the Sheriff said." Plaintiff agreed.

Shortly thereafter, the jail nurse entered Plaintiff's cell to provide him with medical attention. Plaintiff told her he was okay. He stated his neck and back hurt. The nurse gave him medication and a Coca Cola and told Plaintiff to call her if he needed anything.

According to Defendants, later that day and in the weeks that followed, Plaintiff complained of pain to his neck and back. Plaintiff's medical records reveal Plaintiff received medical treatment for his complaints.

On July 22, 2020, Burleson County charged Plaintiff by criminal complaint with indecent exposure relating to the July 1, 2020 incidents with Officer Glasshoff. He pleaded guilty and was sentenced to 30 days confinement with 30 days credit for time served. He also entered a guilty plea to sexual assault and was sentenced to two years confinement with credit for 807 days served in county jail.

## APPLICABLE LAW

**1. Summary Judgment**

A party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). A summary judgment movant must establish every essential element of their claim or affirmative defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party opposing summary judgment cannot rest on the mere allegations of their pleadings, but instead must identify specific evidence in the record and articulate how that evidence supports their claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) ("This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") (internal quotations omitted). When deciding

whether to grant summary judgment, the court should view the evidence in the light most favorable to the party opposing the motion and indulge all reasonable inferences in favor of that party. *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993). However, summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### 2. 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### 3. 42 U.S.C. § 1983

Section 1983 provides a cause of action against state actors who violate federal rights while acting under the color of law. *Filarsky v. Delia*, 566 U.S. 377, 380 (2012); *See* 42 U.S.C. § 1983 ("Every person who, under color of any [state law] subjects, or causes to be subjected, [a person] to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured."). To state a claim under section 1983, a plaintiff must allege "that some person has

deprived him of a federal right" and "that the person who has deprived him of that right acted under color of state or territorial law." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

## **DISCUSSION**

### 1. Excessive Force

Pretrial detainees have a constitutional right under the Fourteenth Amendment's Due Process Clause to be free from the use of excessive force. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). The use of force on a pretrial detainee violates the Fourteenth Amendment if it is unreasonable. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). The Supreme Court has held the inquiry into whether force was reasonable is "solely" objective. *Kingsley*, 576 U.S. at 396-97. A plaintiff can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose. *Id.* The following considerations bear on the reasonableness of the force used by the defendant: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.* at 397 (citing *Graham*, 490 U.S. at 396).

Whether an officer's actions are objectively reasonable "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham*, 490 U.S. at 396). We must assess the reasonableness of the force from the perspective of a jailer who is often forced to make split-second decisions in tense situations. *Fairchild v. Coryell Cnty., Texas*, 40 F.4th 359, 363 (5th Cir. 2022) (citing *Kingsley*, 576 U.S. at 399). "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'

appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Kingsley*, 576 U.S. at 397 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)).

The amount of force that is constitutionally permissible must be judged by the context in which that force is deployed. *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996). In gauging the objective reasonableness of the force used by a law enforcement officer, we must balance the amount of force used against the need for that force. *Id.* The Supreme Court has recognized in the Eighth Amendment context that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Although a plaintiff is not required to show "a significant injury," a pretrial detainee's *de minimis* injuries like bruises, contusions, and abrasions are insufficient to maintain an excessive force claim under Fifth Circuit precedent. *See Westfall v. Luna*, 903 F.3d 534, 547, 549-50 (5th Cir. 2018) (citations omitted); *see also Galada v. Payne*, 421 F. App'x 460, 462 (5th Cir. 2011)[1] (holding that a viable Fourteenth Amendment excessive force claim requires that "the plaintiff [must] have suffered at least some form of injury that is more than *de minimis*") (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (holding that "[t]he injury must be more than a *de minimis* injury in the context of a Fourth Amendment excessive-force claim)).

The record reflects that the jailers did not employ excessive force in violation of Plaintiff's Fourteenth Amendment rights. Defendant's uncontroverted summary-judgment evidence reflects

---

[1] The court notes that "unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." 5TH CIR. R. 47.5.4.

8

that Plaintiff refused to move to a different cell after he had been accused of exposing himself and masturbating in front of a female jailer. Plaintiff fell on the floor of his cell as officers attempted to restrain him. The video evidence shows the only forced used was that necessary to handcuff Plaintiff and place him on his bed. The jailers reasonably concluded that Plaintiff was not going to move to a different cell willingly, that Plaintiff presented a security issue, and that the use of some force was necessary to preserve internal order and discipline and to maintain institutional security. The video clearly shows the force used was not excessive in relation to the legitimate purpose of maintaining facility security.

Moreover, the video shows Sheriff Hermes was not personally involved in the use of force against Plaintiff. The sheriff did not enter Plaintiff's cell until after Plaintiff was restrained. Sheriff Hermes cannot be held liable under a theory of vicarious liability or respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding supervisory government employees are only liable for their own misconduct, and the theory of respondeat superior does not provide a basis for liability in a § 1983 action). For these reasons, Plaintiff fails to state a viable claim against Sheriff Hermes.

**2. Medical Care**

To establish deliberate indifference regarding his medical care, Plaintiff must show "that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Allegations of unsuccessful medical treatment, mere negligence, neglect, or medical malpractice do not give rise to a § 1983 action. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

Pretrial detention deliberate-indifference claims are analyzed based on whether they concern a "condition of confinement" or an "episodic act of omission." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999). To succeed on an "episodic act or omission" claim, Plaintiff must show that Defendants acted with subjective deliberate indifference to his constitutional rights, meaning "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Id.* (quotation omitted). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citations omitted).

There is no factual dispute that Plaintiff was evaluated after the use of force incident and was provided medical care throughout his pretrial detention. There is simply no summary-judgment evidence whatsoever that any defendant had subjective knowledge of a substantial risk of serious harm to Plaintiff but responded with deliberate indifference to that risk.

### 3. Municipal Liability

Plaintiff's municipal liability claims fail because there is no underlying constitutional violation. *See Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013).

### CONCLUSION

Plaintiff failed to demonstrate a violation of his constitutional rights.

It is therefore **ORDERED** that Plaintiff's motion to extend time, filed on May 18, 2023, is **DENIED**.

It is further **ORDERED** that the Motion for Summary Judgment (ECF No. 35), filed by Defendants Burleson County and Sheriff Gene Hermes is **GRANTED**.

It is further **ORDERED** that Plaintiff's claims against the Burleson County Board of County Commissioner's Court, the Burleson County Commissioners, and the Burleson County Sheriff's Office are dismissed with prejudice pursuant to 28 U.S.C. § 1915.

**SIGNED** this 27th day of July 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE